## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ALFREIDA ZAMORA, as Personal Representative of**
**JOSÉ LUIS GARNER, Deceased,**

      **Plaintiff,**

**vs.**                                  **No. CIV-04-0544 RLP/DJS**

**THE UNITED STATES OF AMERICA,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER
### GRANTING IN PART AND DENYING IN PART
### PLAINTIFF'S MOTION TO PRECLUDE OR IN THE ALTERNATIVE
### TO LIMIT THE TESTIMONY OF DEFENDANT'S DESIGNATED
### MEDICAL EXPERT WITNESS [Doc. No. 46].

This matter is before the court on Plaintiff's Motion to preclude or in the alternative to limit the testimony of Defendant's designated expert witness, Neil Shadoff, M.D., on the grounds that Defendant failed to serve a proper disclosure under Fed.R.Civ.P. 26(a)(2)(B). That rule provides:

> The report [of a witness retained or specially employed to provide expert testimony] shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

A medical report signed by Dr. Shadoff was served on Plaintiff on April 7, 2005. The report included:

1. A list of all materials reviewed (four binders of medical records, report of Plaintiff's expert with attachments, thirteen listed depositions);

2. A list of his qualifications, including his curriculum vitae;

3.      A statement that the opinions expressed therein were based on his training, experience

& knowledge of the general literature regarding coronary artery disease;

4.      A two paragraph summary of his medical opinions/conclusions;

5.      A statement of his charges;

6.      A list of cases in which he has testified from 2001-2005, identifying the cases by year

the testimony was given, patient last name and state.

Plaintiff's attorney took the deposition of Dr. Shadoff on May 10, 2005, questioning him extensively about the opinions expressed in the report.

Plaintiff now complains that Dr. Shadoff's report is deficient and that sanctions are warranted because Dr. Shadoff: 1) failed to include a complete statement of all the opinions he intends to express at trial; 2) failed to attach any exhibits or refer to or identify with specificity particular pages of the medical record; 3) failed to cite or refer to any medical literature despite citing to literature at his deposition which he stated supported his opinions, and 4) failed to include in proper form, a list of cases in which he had given testimony during the prior four years.

Defendant contends that Plaintiff's Motion should be denied Dr. Shadoff's report satisfies the requirements of Fed.R.Civ.P.26(a)(2)(C), alternatively if the report does not satisfy those requirements, Defendant contends that the inadequacies of the report are substantially justified and harmless.[1]

---

[1]Defendant also urges denial of this motion because Plaintiff failed to comply with the certification and conferment requirements of Fed.R.Civ.P. 37(a)(2)(A). The court takes the duties imposed by Rule 37(a)(2)(A) seriously, and hopes that in the future that all parties will do so as well. No party should pick and choose what rules they chose to follow. However, given Defendant's failure to provide certain information requested in Plaintiff's Motion after the motion has been filed, as is discussed *infra,* this court will not deny this motion for Plaintiff's failure to comply with Rule 37(a)(2)(A).

The determination of a whether a  Fed.R.Civ.P. 26(a) violation is justified or harmless is within the sound discretion of the court.  Woodworker's Supply, Inc., v. Principle Life Insurance Co., 170 F.3d 985, 992 (10th Cir. 1999).  The following factors are considered in evaluating whether  to exact sanctions for failure to make disclosures required by Fed. R. Civ. P. 26(a):

1.      Prejudice or surprise to the party against whom the evidence is offered;

2.      The ability of the party to cure the prejudice;

3.      The extent to which introducing such evidence would disrupt the trial; and

4.      The moving party's bad faith or wilfulness.

Id. at 993.  Trial in this matter is scheduled for December 5, 2005.  Therefore the third factor is not at issue.  With the remaining in mind, the court will consider each deficiency Plaintiff identifies in Dr. Shadoff's report.

1.      Whether the report failed to include a complete statement of all the opinions Dr. Shadoff intends to offer at trial.  If it did not, whether are sanctions warranted.

Dr. Shadoff's report is brief, and the opinions expressed therein are terse.  Plaintiff seeks to have the court exclude Dr. Shadoff as an expert witness, or in the alternative, to limited his testimony to the facts and opinions stated in two paragraphs of his report.

Plaintiff did not request that Dr. Shadoff expand on his  report prior to taking his deposition. Plaintiff questioned Dr. Shadoff extensively about his opinions at his deposition, and Dr. Shadoff answered those questions completely.  The basic purpose of the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B) is to prevent unfair surprise.  Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 35 (1st Cir.2001) ("The purpose of a 'detailed and complete' expert report as contemplated by Rule 26(a) ... [is to] prevent an ambush at trial.").

Any prejudice suffered by Plaintiff's because of the brevity of the opinions expressed in Dr. Shadoff's report was cured when his deposition was taken.

      2.        Whether the failure of the report to refer medical literature cited by Dr. Shadoff at his deposition warrants the imposition of sanctions.

In his report, Dr. Shadoff gave an opinion regarding the ten-year life expectancy of Plaintiff's decedent. At his deposition, he was asked for the basis of that opinion. He cited three studies performed in the 1980 that he had read many years previously, which were part of his general knowledge and review of literature in cardiology.[2] Defendant has filed Dr. Shadoff's affidavit, in which he states that he did not specifically rely upon these studies, rather, they are part of the knowledge base used in forming his opinions. Plaintiff seeks to preclude Dr. Shadoff from referring to or commending on "any medical literature, treatises, articles, etc."

I find that there has been prejudice to Plaintiff, to the extent Defendant intends to offer these three studies at trial, or refer to them in any way, to support its position regarding the life expectancy of Plaintiff's decedent. I also find that there was no bad faith in Dr. Shadoff's failure to attached these studies to his report, and that prejudice to Plaintiff can be cured. Plaintiff will be allowed to question Dr. Shadoff regarding these studies if Defendant intends to utilize them as learned treatises, or mention them at trial.

Defendant shall advise Plaintiff within ten (10) days of the entry of this Memorandum Opinion and Order as to whether it intends to offer these studies at trial, or refer to them in any way, to support its position regarding the expected life expectancy of Plaintiff's decedent. If it so intends, Defendant shall provide Plaintiff with copies of these studies, and produce Dr. Shadoff for a

---

[2]The studies were identified as the VA Cooperative Trial, the European Cooperative Trial, and the CASS trial.   (P. 83 of Exhibit A to Docket No. 50).

continuation of his deposition for the sole purpose of discussing these studies. This deposition shall

be limited to 45 minutes, and the costs of the deposition, including any fee charged by Dr. Shadoff,

will be born by Defendant.

3.      Whether the failure of the report to attach exhibits or refer to or identify with
        specificity particular pages of the medical record warrants the imposition of sanctions.

Dr. Shadoff's report referred generally to the medical records he reviewed. In the notice of

deposition served on him, he was asked to bring to his deposition all records he had been provided

pertaining to Plaintiff's decedent, which he did. Prior to his deposition, he and counsel for defendant

did not discuss what exhibits might be required at trial.   (p. 28, Ex. A to Docket No. 50).

Throughout his deposition Dr. Shadoff was questioned about and/or referred to particular entries in

the medical record. Any prejudice suffered by Plaintiff has been cured.

4.      Whether the failure of the report to include a list of cases in which Dr. Shadoff has
        previously given testimony warrants sanctions.

Fed.R.Civ.P. 26(a)(2)(B) requires that expert witnesses provide a list of cases in which they

have testified within the preceding four years. Dr. Shadoff has indicated that he will provide such a

list, to the extent information is available to him. The court will require Dr. Shadoff to provide

additional information concerning his testimony in prior cases. The list should be supplemented, to

the extent such information is available, to show the court and docket number.[3]  This should be done

within 15 days of the entry of this order. If Plaintiff wishes to depose Dr. Shadoff regarding that list,

the costs of the deposition will be born by Plaintiff, who would have had to pay for the deposition

time of Dr. Shadoff had the list been provided with the original expert witness report.   Deposition

---

[3]Although Dr. Shadoff has testified that he no longer has medical records for cases reviewed that
have settled or otherwise terminated, he should refer to other business  records in order to complete this list,
including copies of correspondence and  billing statement to attorneys.

questioning regarding the supplemented case list shall be limited to one hour. Any further dispute

over the adequacy of the list may be brought to the attention of the court by an appropriate motion.

**IT IS SO ORDERED.**

Richard L. Puglisi<br>
United States Magistrate Judge<br>
(sitting by designation)