IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALFREIDA ZAMORA, as Personal
Representative of Jose Luis Garner,
Deceased,

    Plaintiff,

v.                                                                                               Civ. No. 04-0544 RLP/DJS

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant's Motion to Preclude Testimony by Dr. Irwin Hoffman, Plaintiff's Medical Expert; Defendant's Motion to Preclude Plaintiff's Evidence of Damages; and Defendant's Motion to Dismiss for Failure to State a Claim.

## FACTS

Briefly stated, the deceased Jose Luis Garner (Garner) was a cardiac patient at the Veteran's Administration Hospital (VA) in Albuquerque, New Mexico between May, 2002 and August, 2002. Sometime prior to May, 2002, Garner had suffered a myocardial infarction. In May, he complained of arrhythmia and was treated at the VA by two cardiologists (Dr. Chen and Dr. Icenogle), who recommended that he undergo a coronary artery catherization (angiogram), which Garner declined. Garner was monitored and given subsequent care at the VA Clinic by Nurse Practitioner Mary Jo Hendricks, who was supervised by several attending physicians. Garner Plaintiff alleges that Garner received substandard care by the VA and its staff resulting in the wrongful death of Garner.

## MOTION TO EXCLUDE TESTIMONY

Defendant characterizes this case as one of "informed consent" and argues that Plaintiff's expert, Irwin Hoffman, M.D., should be precluded from testifying in this case. Dr. Hoffman is board-certified in cardiology and internal medicine. He has been retained by Plaintiff to render expert medical opinions about the care given to Garner and issues of proximate cause.

Defendant argues that Dr. Hoffman has found that neither Dr. Chen or Dr. Icenogle can be found liable, leaving only Hendricks as a potentially liable party. Defendant argues that Dr. Hoffman cannot offer expert testimony as to Hendricks because as a physician he is incompetent to offer testimony about the standard of care for a nurse practitioner. Finally, Defendant argues that because Dr. Hoffman advocates breaching patient confidentiality, a violation of the American Medical Association's ethical guidelines, his testimony must be excluded. Defendant bases its motion to exclude testimony on the Court's holding in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

*Daubert* set forth several criteria to determine whether an expert's opinion is both relevant and reliable. 509 U.S. at 589. On the record submitted, the court does not find any basis for a *Daubert* analysis. The court agrees with Plaintiff that this is neither an "informed consent" case or a "junk science" case. Plaintiff contends that Garner was given substandard care by VA personnel, both physicians and nurses. Dr. Hoffman's overall opinion states that Garner was not aggressively educated enough about the risk he was taking by declining the angiogram; that he was treated for conditions he did not have (cardio-pulmonary obstructive disease, COPD) and not treated for medical conditions that

he did have (diabetes, high cholesterol) and the medications and treatment he received, or failed to receive, had a deleterious effect on his underlying heart disease.

Nevertheless, the court agrees with Defendant that Dr. Hoffman cannot testify that the standard of care for physicians (or any health care provider) is to breach patient confidentiality. As Defendants points out, such an opinion would violate AMA ethical guidelines and cannot serve as the standard of care. Further, to the extent Dr. Hoffman would offer testimony that he, personally, would do so, that testimony would not be relevant and might be prejudicial.

With regard to the standards of care for nurse practitioners, Defendant only points to one example: that Dr. Hoffman is unsure of charting requirements for these professionals. That argument misses the point. Dr. Hoffman's opinion cites examples of alleged systemic negligence: mis-diagnoses, failures to follow up, failures to follow through and the like. The instant case is similar to that of *Metzen v. United States*, 19 F.3d 795 (2nd Cir. 1994). As in *Metzen*, the court declines to state whether any of the factors listed by the expert proximately caused the decedent's death; nevertheless, there is nothing before the court to indicate that Dr. Hoffman is unqualified to render opinions on these issues and, ultimately, proximate cause.

The court has seen nothing in the record submitted that Dr. Hoffman is incompetent to testify as to the overall standard of care for a cardiac patient in a clinical setting. Whether this opinion impacts upon the care given by Dr. Chen, Dr. Icenogle, Nurse Hendricks, and the attending supervising physicians or merely some of them is not entirely clear at this point. But Dr. Hoffman is a board-certified cardiologist who is familiar with

clinical settings and by education, training, and experience he is qualified to offer opinions on the organizational standard of care.

## MOTION TO EXCLUDE DAMAGES

This motion borders on the frivolous.  Defendant argues that Plaintiff has failed to submit documentation to support her claim for monetary damages.  Garner was a 70 year old man who had no income.  Plaintiff is not calling an expert to testify. The evidence of damages will come from family members who will testify as to his pain and suffering during the year before his death.  Plaintiff states there is no documentation, other than medical bills, yet Defendant insists that Plaintiff has evidenced willful disregard of the discovery rules in failing to provide such evidence.  The court cannot order a party to produce what does not exist.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant argues that because Plaintiff's expert must be prohibited from testifying and because Plaintiff cannot produce evidence of damages at trial for failing to participate in discovery, the case must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). The court may not grant a motion to dismiss under Fed.R.Civ.P. 12(b)(6) unless it appears that the plaintiff can prove no set of facts that would entitle her to relief.  *Maez v. Mountain States Tel. and Tel., Inc.*, 54 F.3d 1488 (10th Cir. 1995).  When considering a motion to dismiss, the court should construe all reasonable inferences in favor of the plaintiff.  *Lafoy v. HMO Colorado*, 988 F.2d 97, 98 (10th Cir. 1993).

As stated *supra*, Dr. Hoffman may offer testimony as to the totality of the care given by Defendant and as to issues of proximate cause.  Plaintiff is not precluded from offering

family members' testimony about Garner's claimed damages. For all of the foregoing reasons, Defendant's Rule 12(b)(6) Motion is also denied.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Preclude Testimony by Dr. Irwin Hoffman [Doc. 56] is denied;

IT IS FURTHER ORDERED that Defendant's Motion to Preclude Plaintiff's Evidence of Damages [Doc. 55] is denied; and

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim [Doc. 57] is denied.

                                                Richard L. Puglisi
                                      United States Magistrate Judge
                                            (sitting by designation)